UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>MATCOR METAL FABRICATION (ILLINOIS) INC and MATCOR METAL FABRICATION (WELCOME) INC GROUP BENEFIT PLAN,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:16-cv-1052-SLD-JEH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

Before the Court is Defendants Matcor Metal Fabrication (Illinois) Inc. and Matcor Metal Fabrication (Welcome) Inc. Group Benefit Plan's Motion to Dismiss, ECF No. 4, which seeks dismissal of Plaintiff OSF Healthcare System's Complaint, ECF No. 1. For the following reasons, the Motion is GRANTED and the Complaint is DISMISSED.

## BACKGROUND[1]

Plaintiff OSF Healthcare System ("OSF") is a healthcare services provider in the state of Illinois. OSF provided medical care to R.M.W., a minor child of a participant in the Matcor Metal Fabrication (Welcome) Inc. Group Benefit Plan ("Matcor" or "the Plan"), at one of its hospitals, Saint Francis Medical Center, on or around September 24, 2012 through October 7, 2012. The cost of the provided medical attention totaled $113,578.89.

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Accordingly, the material set forth herein, unless otherwise noted, is based on allegations in the Complaint, ECF No. 1.

1

Under the plan, the claims processor reviews the claim for services provided and makes a determination regarding the amount of benefits available. If the charges are not covered completely, the Plan provides an explanation to its participant as to why the payment is less than the amount billed. The Plan paid $31,570.34 toward the account, leaving a balance of $82,008.55.

The Health Benefit Summary Plan Description, ("Benefit Summ."), Compl., Ex. B, ECF No. 1-3, which states the procedures for appealing Adverse Benefit Determinations, requires that "a Covered Person[2] or his/her Personal Representative" make a mandatory first level appeal within 180 days after receipt of the Explanation of Benefits form. Benefit Summ. 97. A "Personal Representative" is defined under the Plan to include providers "who can contact the Plan on the Covered Person's behalf to help with claims, appeals, or other benefit issues." Benefit Summ. 93. For a Covered Person to designate a Personal Representative, the Plan requires written submission to the Plan, identifying the provider by name, "the date and duration of the appointment and any other pertinent information." *Id.* In order to finalize the authorization, the Plan requires signature by the Covered Person. *Id.* An appeal filed by a provider who is not an authorized Personal Representative is "not considered an appeal." Benefit Summ. 97. OSF alleges that it appealed Matcor's adverse benefit determination and refusal to pay seven times: February 14, 2013, May 8, 2013, July 25, 2013, September 5, 2013, January 12, 2015, July 22, 2015, and August 25, 2015. The basis for OSF's appeals was that the reimbursement formula used to calculate the adverse benefit determination was not based on language in the Plan. The Plan denied these appeals.

---

[2] "Covered Person" is defined by the Plan as "an Employee or Dependent who is enrolled under this Plan." Benefit Summ. 111. Here, R.M.W. was covered as a dependent of her parent, a Plan participant.

On February 10, 2016, OSF filed its complaint pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1), against Matcor, seeking benefits owed under the Plan plus courts costs and attorneys' fees. Matcor filed its Motion to Dismiss, ECF No. 4, on May 4, 2016, arguing that OSF failed to exhaust the Plan's administrative remedy. Matcor argues that no timely appeal was ever filed, because OSF was never certified as a Personal Representative of the Covered Person, and therefore its appeals did not meet the requirements of the Plan. Mot. Dismiss ¶ 5. OSF argues that, due to the fact that it has already received direct payment from Matcor under the Plan, it qualifies as a beneficiary under ERISA, and therefore had appeal rights by virtue of caselaw and regulations, whether or not it was designated as a Personal Representative in accordance with the Plan. OSF also argues that an ERISA-compliant plan must provide appeal rights for beneficiaries, and because the Plan did not provide meaningful review procedures, any argument made by Matcor regarding OSF's failure to exhaust its administrative remedies should be moot. Pl.'s Mem. Obj. Def.'s Mot. Dismiss 9, ECF No. 9. At issue is OSF's ability to appeal to the Plan and whether or not it could do so as a "beneficiary" under ERISA rather than an authorized Personal Representative of the insured.

## DISCUSSION

### I. Standard of Review

A court will dismiss a complaint if it does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))

(quotation marks omitted). The pleader's claim must be facially plausible, meaning that the factual allegations allow the court to draw a "reasonable inference" that the purported misconduct occurred. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint does not need to allege "all, or any, of the facts logically entailed by the claim and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). A plaintiff may, however, "plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Id.* at 1086. The plaintiff must do more than "avoid foreclosing possible bases for relief in [its] complaint; [it] must also show that relief actually is plausible." *Id.*

The court will consider exhibits attached to the complaint, "if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. Ebay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

## II. ERISA Standing and Administrative Exhaustion

### a. Legal Standard

ERISA provides a right of action "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). A beneficiary, pursuant to the statute, is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). The Seventh Circuit recognizes that status as an ERISA beneficiary "is not limited to individuals designated by a 'participant' to receive benefits," and that beneficiary status may come from receiving benefits "under the terms of the plan itself[.]"

*Ruttenberg v. U.S. Life Ins. Co. in City of New York*, 413 F.3d 652, 662 (7th Cir. 2005). In *Kennedy v. Connecticut General Life Insurance Co.*, the Seventh Circuit held that providers of medical services may sue as beneficiaries for nonpayment, so long as they have a "colorable claim to benefits." *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). While the examination of a claim on its merits requires that a court hew closely to the terms of a benefits plan, *see* 29 U.S.C. § 1104(a)(1)(D), statutory standing for a federal court to hear the claim exists unless "the language of the plan is so clear that any claim as an assignee must be frivolous." *Kennedy*, 924 F.2d at 700. This Court has previously identified the "low threshold for statutory standing" for a provider to establish itself as a beneficiary at the motion to dismiss stage of an ERISA claim. *OSF Healthcare Sys. v. Contech Constr. Prod. Inc. Group Comprehensive Health Care*, No. 1:13-CV-01554-SLD-JEH, 2014 WL 4724394, at *2 (C.D. Ill. Sept. 23, 2014).

Parties seeking to bring claims for ERISA violations in the Seventh Circuit must also clear an administrative exhaustion hurdle "as a prerequisite to bringing suit under the statute." *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012) (quoting *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011)). An ERISA claimant's failure to file a timely appeal constitutes failure to exhaust administrative remedies. *Edwards*, 639 F.3d at 362 (citing *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000)). It is within the discretion of the district court to dismiss a complaint for failure to exhaust administrative remedies, *Zhou v. Guardian Life Ins. Co. of America*, 295 F.3d 677, 679 (7th Cir. 2002); however, a court may excuse the failure to exhaust administrative remedies only "where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile." *Schorsch*, 693 F.3d at 739.

The requirement for administrative exhaustion reflects the desire of Congress to encourage "informal, non-judicial resolution of disputes," to promote consistent treatment of claims, and to minimize the cost of claims to all parties. *Edwards*, 639 F.3d at 360. To that end, ERISA regulations require that every plan provide to claimants a "reasonable opportunity to appeal an adverse benefit determination," with a guarantee of "full and fair review of the claim." 29 C.F.R. § 2560.503-1(h)(1).[3] However, ERISA regulations provide that "a plan may establish reasonable procedures for determining whether an individual has been authorized to act on behalf of a claimant" in order to appeal an adverse benefit determination on a claimant's behalf. *Id.* at § 2560.503-1(b)(4).

### b. Analysis

OSF alleges that because it has received direct payment from the Plan for some portion of the services rendered, it is legally entitled as a beneficiary of the Plan to seek complete payment. Compl. ¶ 8. The Plan made a direct payment to OSF, and in the Seventh Circuit, such partial payment is enough to establish OSF's standing to bring suit as a beneficiary. *Kennedy*, 924 F.2d at 701. The Court finds that OSF has met the "low threshold" required to establish standing as a beneficiary. *See Contech Constr.*, 2014 WL 4724394, at *3.

Beyond OSF's mere establishment of subject matter jurisdiction, Matcor has challenged OSF's ability to appeal an adverse benefit determination under the terms of the Plan. Mot. Dismiss ¶ 9. Matcor argues OSF did not become a Personal Representative under the terms of the Plan, leaving it without authority to appeal on behalf of the Covered Person, *id.* at ¶¶ 6–9, and no Covered Person appealed. In short, Matcor argues that no timely appeal was ever filed.

---

[3] The term "claimants" is defined by the regulation to include both participants and beneficiaries. 29 C.F.R. § 2560.503-1(a).

OSF alleges that it did, in fact, appeal the adverse benefit determination and that its status as a beneficiary is all that is necessary for it to be "entitled to an appeal."[4] Pl.'s Mem. 8 (citing 29 C.F.R. § 2560.503-(h)(1)).

The Court finds no inherent discord between the Plan's Personal Representative requirement and § 2560.503-(h)(1) because the regulation does not grant a claimant the unqualified right to appeal under all plans. Instead, it states a "claimant shall have a *reasonable opportunity to appeal* an adverse benefit determination . . . ." 29 C.F.R. § 2560.503-(1)(h)(1) (emphasis added). OSF does not allege it was not afforded a reasonable opportunity to become a Personal Representative, and instead alleges that the procedures themselves were unreasonable such that there were "no review procedures under the terms of the Plan available to Plaintiff as a beneficiary." Pl.'s Mem. 10. While there may be no procedures in the Plan for a "beneficiary" to appeal an adverse benefit determination, a beneficiary, like any other person or entity, may utilize the Plan procedures to become a Personal Representative and appeal by way of that designation. Plaintiff's response does not argue that Matcor precluded it from learning about the appeal process or otherwise thwarted its attempts to become a Personal Representative.[5]

---

[4] OSF alleges in its complaint that Defendant did not provide certain information regarding the Plan's review procedures and time limits for appeals, as required by 29 C.F.R. § 2560.503-1(g)(1). A failure to provide such information might serve as a basis for excusing OSF's obligation to exhaust internal remedies (for instance, under a theory of estoppel or failure to meet ERISA's minimal notification requirements). However, OSF has failed to raise any formulation of this argument in its Response.

[5] The Department of Labor has issued helpful guidance regarding the procedures by which a claimant may authorize a personal representative, bolstering the Court's conclusion that a beneficiary is not exempt from plan rules regarding authorization procedures for appealing benefits determinations. *Benefit Claims Procedure Regulation FAQs*, U. S. Dep't of Labor (Mar. 2, 2017, 6:33pm), https://www.dol.gov/agencies/ebsa/about-ebsa/our-activities/resource-center/faqs/benefit-claims-procedure-regulation. The guidance specifically states that a plan may require a party to follow certain procedures in order to become an authorized representative for the purpose of making appeals of benefit determinations, as long as those procedures are reasonable. *Id.* It further clarifies that an assignment of benefits by a claimant to a provider does not constitute "a grant of authority to act on a claimant's behalf in pursuing and appealing a benefit determination under a plan." *Id.* The validity of the designation of an authorized representative depends on "whether the designation has been made in accordance with the procedures established by the plan, if any." *Id.*

OSF points to case law to support the argument that Matcor's claims procedure was not reasonable, and therefore that OSF suffered "a lack of meaningful access to review procedures" that should lead the Court to excuse administrative exhaustion. Pl.'s Mem. 10. The cited cases are inapposite. For instance, in *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1088–89 (9th Cir. 2012), the Ninth Circuit found that a poorly written termination of benefits letter did not properly advise a plan participant with no legal training how she should proceed on appeal of her adverse benefits determination, and that therefore administrative exhaustion was excused.

The factors favoring excuse of exhaustion in *Bilyeu* do not exist in the present matter. First, unlike the plaintiff in *Bilyeu*, OSF is a sophisticated litigant with extensive resources to guide its interpretation of health plans. Second, *Bilyeu* centered on ambiguous language in letters from the claim administrator that undermined the participant's understanding of her obligations and led to her untimely appeal. *Bilyeu*, 683 F.3d at 1089. In this case, the language in the Plan requiring a signed authorization to become a Personal Representative with authority to appeal is neither misleading, nor ambiguous. *Gallegos*, 210 F.3d at 809 (noting that exemption from ERISA's administrative exhaustion requirements is appropriate to prevent an insurance company from "mislead[ing] a claimant into procedurally defaulting her opportunity for administrative review . . ."). Surely, plaintiffs may only be required to exhaust "available" remedies, *see Ruttenberg*, 413 F.3d at 662, but OSF has not alleged that administrative remedies were unavailable to it—and OSF may not now use its own failure to follow claims procedures to bolster an ex post facto argument that administrative exhaustion is futile. *See Edwards*, 639 F.3d at 362–63 (granting summary judgment against plaintiff who untimely appealed, and whose

failure to follow "clear deadline" in the plan was unexplained, leaving the court with no explanation that warranted it using its discretion to excuse administrative exhaustion).

Based on the allegations in the pleadings and exhibits attached thereto, the Plan provided an unambiguous and reasonable procedure by which OSF could have become authorized to act on behalf of the covered individual, and OSF did not follow that procedure. It is within the discretion of the Court to conclude that, due to OSF's failure to exhaust the administrative remedies available to it by failing to file a timely appeal, this complaint be dismissed.

## CONCLUSION

Defendant's Motion to Dismiss, ECF No. 4, is GRANTED and the Complaint, ECF No. 1, is DISMISSED.

Entered March 9, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE